"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARY BOTROSS, | Case No. CV 05-01601-MLG |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | |
| Defendant. | |

**I.   Factual and Procedural Background**

Plaintiff Mary Botross ("Plaintiff") seeks judicial review of the Commissioner's final decision denying her application for Supplemental Security Income Benefits. In accordance with the Court's Case Management Order, the parties have filed a joint stipulation of disputed issues ("JS"). The matter is ready for decision.

Plaintiff filed her application for benefits on April 28, 2003. She claimed that she was disabled and unable to work due to knee and back pain, asthma, and breast cancer. Benefits were denied initially and upon reconsideration. A de novo hearing was held on January 12,

2004 before Administrative Law Judge ("ALJ") Sally C. Reason. In a decision dated February 19, 2004, ALJ Reason found that Plaintiff suffers from the severe impairments of musculoskeletal disorders, obesity, status post breast cancer with mastectomy, diabetes and hypertension, but that she did not have an impairment which met or equaled any of those contained in the listings of impairments. 20 C.F.R., Part 404, Subpart P, Appendix 1. The ALJ further found that Plaintiff's impairments did not prevent her from performing her past work as a delicatessen worker, work which was found to have been performed at the light exertional level. In doing so, the ALJ found that Plaintiff's testimony was not credible. (Administrative Record ("AR") 16-22). The Appeals Council denied review and Plaintiff commenced this action for judicial review.

The relevant facts are familiar to both parties and will be discussed only to the extent that they are relevant to an understanding of this decision. Plaintiff was fifty-seven years old at the time of the administrative hearing. She completed fifteen years of education in her native country of Egypt. Plaintiff emigrated to the United States in 1997. She lived in New York for a number of years and worked from 2001-2002 in a delicatessen, making salads and slicing meats. Because of her unfamiliarity with the English language, she did not serve customers. She testified at the hearing with the assistance of an interpreter. She currently resides at the home of her daughter, along with her husband. (AR 42-49).

Plaintiff testified that she is unable to stand for long periods of time because of pain in her hip. (AR 52). She is unable to use her

right arm and hand as a result of lymphedema[1], which resulted from the removal of her lymph nodes during the mastectomy. (AR 50). Indeed, at the hearing the ALJ noted that the forearm of Plaintiff's right arm was double the size of the left arm. (*Id.*). In addition, a disability worker noted at an interview that Plaintiff was obese, had limited English skills, walked with a cane and had difficulty with standing and walking. (AR 105).

In the JS, Plaintiff contends the ALJ erred by: (1) failing to make a proper credibility finding;(2) failing to consider Plaintiff's impairments in combination in setting forth a residual functional capacity; and (3) erroneously determining that Plaintiff could perform her past relevant work. The Commissioner disagrees. After reviewing the parties' respective contentions and the record as a whole, the Court finds that the ALJ erred in determining that Plaintiff could perform her past work as a delicatessen worker. Because additional evidence and findings are required in this case, the matter shall be remanded to the Commissioner for further proceedings.

**II.  Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001).

---

[1] Lymphedema is the chronic swelling of the extremities due to the accumulation of interstitial fluid as a result of stasis of the lymph. *The Sloane-Dorland Medical Dictionary*, p. 425 (West Publishing, 1987).

Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). It is more than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

**III. Discussion**

As noted, the ALJ found that Plaintiff could perform her past relevant work as a salad make and slicer in a delicatessen. While it is not clear from the record, it appears that this work is semi-skilled in nature and performed at the light exertional level.[2] (AR 55). This finding is not supported by substantial evidence.

The medical evidence in the record is sparse. Plaintiff had only been in California for a short period of time prior to the hearing. Her treating physician Dr. Wagdy Girgis, M.D., whose office is in Brooklyn N.Y., provided little medical documentation. Moreover, most of that which is provided is illegible. It is uncontested however, that Plaintiff underwent a mastectomy in 1997. As part of that surgery, her

---

[2] Light work involves lifting no more than twenty pounds at a time with frequent lifting of up to ten pounds. It requires a good deal of standing and walking as well of pushing and pulling of leg and arm controls. 20 C.F.R. § 404.1567.

lymph nodes were removed. On January 12, 2004, Dr. Girgis submitted a handwritten letter, through counsel, in which he noted that Plaintiff was a diabetic with mastectomy and lymphodema in the right upper extremity which caused episodes of cellulitis.[3] He stated that Plaintiff was in a great deal of pain and that working with excessive arm movement would aggravate the lymphodema, causing pain and a recurrence of the cellulitis.  (AR 24).

Th only other significant medical evidence in the file is the report of Dr. Mehran Sourehnissani, who examined Plaintiff at the request of the Department of Social Services Disability Agency on June 5, 2003.  Dr. Sourehnissani noted that Plaintiff was morbidly obese, and suffered from diabetes, high blood pressure, asthma, back and knee pain and breast cancer surgery.

During the examination, it was noted that Plaintiff was 61 inches tall and weighed 238 pounds.  Plaintiff's gait was slow and stiff; however she could walk around the examination room without a cane. Blood pressure was 160/90 which was characterized as poorly controlled. Swelling was noted in the right arm which was deemed to be low grade lymphdema arising from the cancer surgery.  Lumbar examination revealed tenderness and mild spasm.  The knees were also tender to touch.  Dr. Sourehnissani concluded that Plaintiff could engage in activities consistent with light work. (AR 155).

As part of this examination, x-rays were taken.  These x-rays revealed mild degenerative arthritis in the knees and moderate narrowing at L5-S1, indicative of degenerative disc disease and degenerative

---

[3] Cellulitis is an inflammation of the soft tissue which may lead to ulceration and abscesses. *The Sloane-Dorland Medical Dictionary*, p. 128 (West Publishing, 1987).

changes in the right hip. (AR 171, 174).

The court finds, based upon this evidence that the ALJ's conclusion that Plaintiff could return to her past relevant work is not supported by the evidence. Plaintiff's past work required that she be on her feet six out of eight hours in the day and to repetitively use her hands and arms in making salads and slicing cold cuts. The medical evidence, including the x-rays and signs, such as tenderness and swelling, does not support the conclusion that she could do this type of work. Both Dr. Sourehnissani and the disability case worker observed that Plaintiff had difficulty walking, seemingly due to pain. Contrary to the ALJ's conclusion, the ability to ambulate without an assistive device simply does not mean that Plaintiff can function on her feet for a minimum of six hours each day. Moreover, the medical evidence does not support a finding that Plaintiff could engage in the repetitive movement with her dominant right hand given the clearly observable swelling caused by the lymphedema and cellulitis.

In light of these impairments, the finding that Plaintiff could perform her past work at the light exertional level is not substantially supported.

**IV.   CONCLUSION**

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004)

1  However, where there are outstanding issues that must be resolved before
2  a determination of disability can be made, and it is not clear from the
3  record that the ALJ would be required to find the claimant disabled if
4  all the evidence were properly evaluated, remand is appropriate.
5  *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003); *see also*
6  *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003).

7  　　　The court finds that the ALJ erroneously determined that Plaintiff
8  could perform her past relevant work despite the objective medical
9  evidence and the observations made by the treating physician, the
10 examining physician, the disability worker and the ALJ herself, which
11 demonstrated otherwise.  However, in light of the paucity of the medical
12 evidence and the continuing question of whether there exists any other
13 work in the economy that an individual of Plaintiff's age, education and
14 residual functional capacity can perform, a new hearing is required.

15 　　　Accordingly, it is **ORDERED** that this case be remanded to the
16 Commissioner for further proceedings consistent with this opinion.

17 　　　**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of
18 this Order and the Judgment herein on all parties or their counsel.

20 Dated: December 19, 2005          */S/ Marc L. Goldman*

                                    _____
                                    Marc L. Goldman
                                    United States Magistrate Judge